**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
BLADIMIR MATOS, et al.,

                Plaintiffs,              **MEMORANDUM**
                                                          **AND ORDER**

      - against -

                                                    CV 07-4356 (FB) (JO)

D.T. WOJNAROWICZ,

                Defendant.
------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

        This case concerns a car accident involving citizens of New York who assert state law causes of action against a citizen of Utah. The parties are now in agreement that the defendant cannot be liable to the plaintiffs for more than $50,000 in damages. As a result, despite the complete diversity of citizenship among the parties, there is no basis for this court to exercise jurisdiction over the case, and the plaintiffs have therefore moved for its remand to the state court in which it was originally filed. The defendant opposes such relief, and argues that it is barred by a procedural anomaly. The defendant originally removed the case to federal court on the basis of an assertion by the plaintiffs' counsel – an assertion that was apparently the result of a mistake, and quickly retracted – that the amount in controversy exceeded $75,000, the threshold amount-in-controversy for purposes of federal diversity jurisdiction. The defendant's counsel asserts that because he filed his removal petition before his adversary's mistake was corrected, this court is forbidden from acting on its current lack of jurisdiction. In essence, the defendant contends that in the context of a removal case, the *only* relevant time for purposes of determining the amount-in-controversy element of federal diversity jurisdiction (but not the citizenship element) is the date the notice of removal is filed. Although the position finds support in the case law, I disagree with it for the reasons explained below, and therefore grant the motion to remand.

I.      Background

Plaintiffs Bladimir Matos and Alfonso Prensa filed this personal injury action against defendant D.T. Wojnarowicz ("Wojnarowicz") in the Supreme Court of the State of New York, County of Kings, on June 19, 2007.  *See* Docket Entry ("DE") 1 (Notice of Removal) ("Notice"), Ex. A (Verified Complaint) ("Complaint").  Wojnarowicz filed a Verified Answer With Counterclaim on August 1, 2007.  Notice, Ex. B ("Answer").[1]  On October 8, 2007, the plaintiffs' counsel asserted, in a Supplemental Verified Bill of Particulars, that each plaintiff "demands judgment against the defendant in the amount of $250,000."  Notice, Ex. C ("Bill of Particulars").  On the basis of the latter information, Wojnarowicz then removed the case to this court on October 18, 2007.

No later than November 16, 2006 – less than six weeks after filing the Bill of Particulars, and before the initial conference in this court – the plaintiffs' counsel told Wojnarowicz's counsel that the amount in controversy is in fact far lower than $250,000, and is well below the minimum amount-in-controversy necessary to establish federal diversity jurisdiction.  *See* DE 6 (letter to the court dated November 16, 2007).  The plaintiffs' counsel therefore asked that Wojnarowicz agree to a remand.  The request was declined, and the plaintiffs asked me to schedule a conference to discuss the matter.  *Id*.  At that conference on November 26, 2007, I set a briefing schedule for the instant motion.

---

[1] Wojnarowicz's counterclaim seeks indemnification from plaintiff Matos for any liability to plaintiff Prensa.  Answer at 2.  Accordingly, that counterclaim does nothing to alter the jurisdictional analysis.  If this court has jurisdiction over the plaintiffs' claims, it also has jurisdiction over the counterclaim.  On the other hand, if jurisdiction over the Complaint is lacking due to an insufficient amount in controversy, it is also lacking as to the counterclaim for which the amount in controversy can be no greater than that for the plaintiffs' claims.

2

II.  Discussion

   A.  The Case Was Properly Removed

A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must examine it "promptly." 28 U.S.C. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Where, as here, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, the defendant must demonstrate that the parties are citizens of diverse states and must demonstrate a reasonable probability that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)); *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 303-04 (2d Cir. 1994). A federal court considering the propriety of the removal should generally evaluate the existence of the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal." *Blockbuster, Inc.*, 472 F.3d at 57 (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)). Viewed against that standard, there can be no doubt that the removal notice itself was entirely proper: the pleadings – including the Bill of Particulars – adequately established both elements of diversity jurisdiction.

B. This Court Currently Lacks Subject Matter Jurisdiction And Must Therefore Remand The Case To State Court

Just as there can be no question that the removal itself was proper, there can also be no question that as things currently stand – and more importantly, as they will unquestionably remain – there is no lawful basis on which this court can exercise subject matter jurisdiction. To start with first principles:

> The district courts of the United States, as we have said many times, are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).... In order to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between citizens of different States .... [28 U.S.C.] § 1332. To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000.

*Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005).

Congress has also explicitly provided a mechanism for allowing cases that originate in state court to be removed to federal court – thus overriding the normal deference that courts accord the plaintiff's choice of forum – if the federal court may properly exercise subject matter jurisdiction. 28 U.S.C. § 1441. However, in providing that mechanism, Congress has *not* waived or relaxed the fundamental requirements for such jurisdiction. To the contrary, in amending the removal statute in 1988, Congress did two things of particular relevance. First, it amended a statutory provision that formerly required a motion for remand on *any* ground to be made within 30 days of removal – apparently including a motion predicated on the lack of subject matter jurisdiction – to read as follows: "A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing

4

of the notice of removal ...." Pub. L. 100-702 § 1016(c) (1988), codified at 28 U.S.C. § 1447(c) (emphasis added). As part of the same amendment, it added an explicit command, phrased in the present tense: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

Second, in the same enactment – indeed in the very same section of that enactment – Congress also added the following new provision to the remand statute: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.*, codified at 28 U.S.C. § 1447(e). The latter provision is instructive not because the plaintiffs here propose any amendment that would render the parties non-diverse, but because it illustrates that Congress deliberately chose to amend the statute in a way that would not effect even a small increase in the diversity jurisdiction of the federal courts:

> Proposed section 1447(e) is new. It takes advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal....
>
> It would be possible to draft a broader amendment. The most obvious alternative would be to provide that "the court may deny joinder, dismiss the action, or permit joinder and either remand to the state court or retain jurisdiction." This approach would rely on the concept of pendant party jurisdiction, and justify departure from the traditional requirement of complete diversity by the advantage of permitting the most desirable joinder of parties without sacrificing the advantage of continuing proceedings that may be well under way in the Federal court. *The more modest approach was chosen instead in order to avoid the opposition that might be encountered by a proposal that would provide a small enlargement of diversity jurisdiction.*

H.R. Rep. No. 100-889, at 72-73 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 5982, 6033-34 (emphasis added).

In opposing remand, Wojnarowicz advocates a rule that would effectively expand federal diversity jurisdiction to include cases that unquestionably fail to meet one of the requirements for diversity jurisdiction, so long as it is clear that at an earlier time – the time of the removal notice – there was sufficient reason to believe that jurisdiction existed. Congress did not intend any such enlargement of diversity jurisdiction. It explicitly decided against such an expansion when it addressed the diversity-of-citizenship requirement, and it just as plainly acted consistent with that decision in amending the time limit for bringing any jurisdiction-related motion for remand.[2]

Wojnarowicz's theory is not only in tension with the express intent of Congress in enacting the 1988 amendment to the remand statute, it is at odds with the statute's plain text. His counsel argues that the second sentence of 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") permits remand "only if there was a lack of subject matter jurisdiction at the time of removal." DE 13 at 2. That assertion is incompatible with the statute's text: by employing the present tense, the provision clearly contemplates an assessment of subject matter jurisdiction at any time, not just at the time of removal. Moreover, a rule that restricted an assessment of subject matter jurisdiction to the time of removal would obviate much if not all of the need for the amendment to the 30-day limit on remand motions that Congress enacted at that time.

---

[2] That Congress was explicit only about the diversity-of-citizenship requirement in adding the new subsection (e) to § 1447 is neither surprising nor an indication that it intended to treat the amount-in-controversy requirement differently. The addition of a new defendant can destroy diversity; just as plainly, it can do nothing to lower the amount in controversy with respect to the claims against defendants already before the court. Accordingly, any reference to the amount-in-controversy requirement in subsection (e) would do nothing to effect any intended goal of the enactment. Worse, such an unnecessary clause could lead courts to misinterpret the statute through use of the canon of construction that disfavors any interpretation that renders statutory words meaningless.

To be sure, Wojnarowicz cites several cases, including some that are controlling in this district, that lend some support to his position. *See* DE 13 at 2-3 (citing cases). However, he overstates the import of those cases. Thus, the footnote he cites from a recent Supreme Court decision does nothing more than observe, in a different context, that there is a "general rule that postremoval events do not deprive federal courts of subject-matter jurisdiction." *Powerex Corp. v. Reliant Energy Services, Inc.*, 127 S. Ct. 2411, 2417 n.1 (citing *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 391 (1998)). Indeed, in the text accompanying that footnote, the Court also notes that the legislative history of the 1988 enactment "refutes" a proposition that is essential to Wojnarowicz's position here: namely, that "there is no reason to think that Congress broadened the scope of § 1447(c) to authorize the remand of cases that had been properly removed" and that the addition of the phrase "lacks subject matter jurisdiction" to § 1447(c) "must be construed to cover only cases in which *removal* was jurisdictionally improper at the outset." *Id*. at 2416-17.

Wojnarowicz fares no better in relying on two decisions by the United States Court of Appeals for the Second Circuit. In *Parker v. Della Rocco*, 252 F.3d 663 (2d Cir. 2001), the issue before the court was not the issue presented here, and the court said nothing more of relevance to this case than that the revised language of § 1447(c) "does not affect the standard for determining whether jurisdiction is lacking." *Id*. at 666. Even worse for Wojnarowicz's position, the decision in *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781 (2d Cir. 1994), affirmatively supports remand here. It is true, as Wojnarowicz plainly had in mind in citing the decision, that the court in *Tongkook* noted that "[t]he amount in controversy is determined at the time the action is commenced" and that "[e]vents occurring subsequent to the institution of suit which

7

reduce the amount recoverable below the statutory limit do not oust jurisdiction." *Id*. at 784 (cited in DE 13 at 2). But as the court went on to decide on the very next page of its decision, the fact that post-filing discovery proceedings reveal that subject matter jurisdiction did not exist at the time the case was brought to federal court does not bar a reassessment of jurisdiction. To the contrary, if it becomes clear to a "legal certainty" that the plaintiff cannot recover the jurisdictional amount, the case should be dismissed. *Id*. at 785.

That is precisely what has happened here. When the plaintiffs' counsel first responded to Wojnarowicz's demand for an estimation of damages, he provided an answer based on a review of some, but not all, of the pertinent medical records. Soon thereafter, he reviewed additional records and realized that his clients' damages were no more than $50,000, and he promptly so informed Wojnarowicz. Notwithstanding the fact that Wojnarowicz filed a removal petition in the interim based on the good-faith if incorrect belief of the attorneys on both sides of the case, it remains true that the facts that existed at the time of both the complaint and removal precluded the plaintiffs from recovering an amount sufficient to permit federal diversity jurisdiction. Moreover, the later stipulation by the plaintiffs, *see* DE 11, underscores the fact that there is now a legal certainty that the plaintiffs cannot and will not recover from the defendants the amount required under § 1332 – in other words, whatever controversies may still exist between the parties, it is unquestionably true that there is no amount in controversy that exceeds $75,000. Thus, by the standard set forth in the case law on which Wojnarowicz relies, it is clear that I can and must remand the case.

Any other result would rest on a reading of the law that is prone to collusion and abuse. Parties that wished to effect a removal to federal court despite the lack of subject matter

8

jurisdiction could agree to the filing of pleadings setting forth an amount in controversy that they knew would never be supported by the proof at trial. Under Wojnarowicz's reasoning, the filing of such pleadings would suffice to permit the initial removal, and that removal would then act as a bar to any later assessment of the amount-in-controversy element of federal jurisdiction. Likewise, even without collusion, the rule Wojnarowicz proposes would in unusual circumstances allow a defendant to manufacture federal jurisdiction in bad faith. Thus, for example, if the plaintiffs' written demand for "$250,000" in damages was merely a typographical error that was immediately corrected in a follow-up letter, and if the defendant nevertheless knowingly took advantage of that mistake to file a facially sufficient removal notice, Wojnaorwicz's proposed bar on reassessing the amount in controversy element of jurisdiction would prevent the federal court from taking corrective action.

The preceding scenarios are unlikely. But what is just as plain is that, without any bad faith by any participant in the instant case, there currently is no federal court subject matter jurisdiction over the litigation that is authorized by any existing statute. In such circumstances, the text of 28 U.S.C. § 1447(c) requires a remand.

C. <u>Remand And Review Procedures</u>

For the reasons set forth above, I conclude that this case must be remanded. I further conclude that because a remand is not case-dispositive, I may grant the plaintiffs' motion on my own authority under 28 U.S.C. § 636, rather than merely recommend that the assigned district judge take such action. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005).

9

An order of remand normally "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); *see Powerex Corp.*, 127 S. Ct. at 2417 (statutory ban on review of remand order applies to cases in which remand is based on post-removal defect in subject-matter jurisdiction); *Price v. J & H Marsh & McLennan, Inc.*, 493 F.3d 55, 61 (2d Cir. 2007) (same). However, for the reasons explained below, I will stay the order of remand for a sufficient time to allow the defendant to lodge any objections he may have to this decision with the district judge assigned to this case. As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A). The same statutory provision that empowers me to enter such an order, however, also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls. As a result, notwithstanding the removal statute's general proscription of appellate or other "review," a district judge may "reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law. *See, e.g.*, *Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006) (citing cases).

Wojnarowicz will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect. I therefore stay the order of remand *sua sponte* for a period of time sufficient for Wojnarowicz to file any objections he may have. Under the pertinent rules, a stay until January 22, 2008, will accomplish that purpose. *See* Fed. R. Civ. P. 72(a) (requiring objections to a magistrate judge's order to be filed within 10 days); Fed. R. Civ. P. 6

10

(computation of time). Should Wojanoriwicz actually pursue such relief, he may of course apply to me or to the district judge for a further stay pending resolution of his objections.

    E.    <u>Conclusion</u>

For the reasons set forth above, the Clerk is respectfully directed to remand this case to the Supreme Court of the State of New York, Kings County. In order to afford the defendant sufficient time to file a motion for reconsideration of this order by the assigned district judge, I stay this order until January 22, 2008.

**SO ORDERED.**

Dated: Brooklyn, New York
       January 2, 2008

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge