FILED  ORIGINAL
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ APR 0 2 2008 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
BLADIMIR MATOS, and ALFONSO PRENSA,

         Plaintiffs,

-against-

D.T. WOJNAROWICZ,

         Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 07-CV-4356 (FB) (JO)

*Appearances*

| *For the Plaintiff:* | *For the Defendant:* |
|---|---|
| MARK J. LINDER, ESQ. | JAMES G. BILELLO, ESQ. |
| Harmon Linder & Rogowsky | JOHN W. KONDULIS, ESQ. |
| 42 Broadway, Suite 1227 | James G. Bilello & Associates |
| New York, NY 10004 | 875 Merrick Avenue |
| | Westbury, NY 11590 |

**BLOCK, Senior District Judge:**

    Before the Court are defendant's objections, pursuant to Fed. R. Civ. P. 72(a), to Magistrate Judge James Orenstein's January 2, 2008 Memorandum and Order ("M&O"), which granted plaintiffs' motion to remand the case to Supreme Court, Kings County ("state court"). Remand has been stayed pending resolution of the objections, which the Court overrules.

I

    Plaintiffs, citizens of New York, filed suit in state court seeking damages relating to an automobile accident with defendant, a citizen of Utah; in accordance with state pleading rules, the complaint did not allege the amount of damages sought. *See* N.Y.

C.P.L.R. § 3017(c) ("In an action to recover damages for personal injuries... the complaint ... shall not state the amount of damages to which the pleader deems himself entitled."). Plaintiffs subsequently informed defendant, by serving a Supplemental Verified Bill of Particulars, that each plaintiff demanded a $250,000 judgment; based on this information, defendant removed the case to federal court on October 18, 2007.

On November 16, 2007, Plaintiffs' counsel wrote a letter to Magistrate Judge Orenstein stating:

> Please be advised in this case we believe the total amount of damages does not exceed $50,000. We therefore respectfully request this case be returned to state court for lack of subject matter jurisdiction.
>
> [Defendant's counsel] has been informed that this case does not have sufficient damages to obtain subject matter jurisdiction. Despite this fact Mr. Kondulis refuses to remand the case back to state court.

Docket Entry #6. Ten days later, at a conference before the magistrate judge, plaintiffs stipulated through its counsel that its damages were no more than $50,000 and a briefing schedule regarding plaintiff's motion to remand was set.

In a letter brief, plaintiffs' counsel stated that the $250,000 demand for each plaintiff was "based upon the medical record available at that time," and that "plaintiffs changed the amount demanded" after "reviewing additional medical records." Docket Entry # 12. Plaintiffs argued that because subject matter jurisdiction can never be waived, "it logically follows that a court possesses the power to examine the issue of its own subject matter jurisdiction at any time." *Id.* In opposition, defendant argued (1) that there was no

2

factual basis for plaintiff to lower its demand, and (2) subject matter jurisdiction should be assessed at the time of removal and post-removal changes in circumstances do not divest the court of jurisdiction. *See* Docket Entry #13.

Magistrate Judge Orenstein held in the M&O that: (1) the case was properly removed because the Bill of Particulars established diversity jurisdiction, (2) plaintiffs' post-removal stipulation to a maximum of $50,000 in damages deprived the court of jurisdiction because there was "no question that as things currently stand – and more importantly, as they will unquestionably remain – there is no lawful basis on which this court can exercise subject matter jurisdiction," M&O at 3, and (3) remand would be stayed to allow defendant to file objections pursuant to Fed. R. Civ. P. 72(a).

## II

An order remanding to state court is not dispositive, *see Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005); therefore, defendant's objections are reviewed under the deferential standard of Fed. R. Civ. P. 72(a): "The district judge ... shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 375 F. Supp. 2d 141, 155 (E.D.N.Y. 2005) ("[U]nder the Federal Rules of Civil Procedure, magistrate judges are afforded considerable discretion when issuing orders on nondispositive matters and district courts are limited in their ability to set aside such orders.").

Defendant's objections to the M&O merely repeat the arguments made to

Magistrate Judge Orenstein and do not establish that the M&O is clearly erroneous or contrary to law; however, the Court writes to clarify certain issues raised by the M&O.

To the extent the M&O suggests that *any* post-removal event reducing a plaintiff's claim below the jurisdictional amount destroys diversity jurisdiction, the Court notes that the post-removal stipulation is relevant here only because it sheds light on the amount in controversy as of the time the case was removed. *See Ryan v. Cerullo*, 343 F. Supp. 2d 157, 159 (D. Conn. 2004) ("[T]he court is still examining the jurisdictional facts *as of the time* the case is removed, but the court is considering information submitted after removal." (citation omitted; emphasis in original)); *see also Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1071 (2d Cir. 1996) (In a case originally filed in federal court, "[e]vidence concerning events that post-date the filing of a complaint is relevant only to the extent that it casts light on whether recover was *never* legally possible or whether a plaintiff had a good faith belief, at the time the complaint was filed, that the jurisdictional requirement was met." (emphasis in original)). The law is clear that "once jurisdiction attaches, it is not ousted by a subsequent change of events, even if that subsequent change in events renders recovery impossible." *Chase Manhattan Bank*, 93 F.3d at 1071.

The Court also notes that normally the $250,000 claimed in plaintiffs' Bill of Particulars would establish the jurisdictional amount because "the sum claimed by the plaintiff controls *if the claim is apparently made in good faith*," *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (emphasis added); however, plaintiffs' post-removal stipulation demonstrates that the $250,000 claim was not made in good faith because the

4

Court presumes that plaintiffs' counsel would not act against its clients' interests in stipulating to limit plaintiff's recovery to $50,000. Indeed, had there been a good faith basis to claim $250,000 in damages, subsequently limiting plaintiffs' recovery to obtain remand could subject plaintiffs' counsel to discipline or malpractice liability. *See, e.g.*, N.Y. Comp. Codes R. & Regs. tit. 22, §1200.32(a)(3) (prohibiting lawyers from intentionally prejudicing their clients); N.Y. Lawyer's Code of Prof'l Resp., E.C. 7-9 ("[A] lawyer should always act in a manner consistent with the best interests of the client."); *cf. Barrett v. Setright*, 598 N.Y.S.2d 886, 887-88 (4th Dept. 1993) (plaintiff's allegation that former attorney deprived her of an available remedy by failing to timely attack a divorce decree stated a claim for malpractice).[1]

The Court further notes that this is unlike the typical "legal certainty" case involving a contractual claim because this is an action grounded in negligence where normally "the damages sought are uncertain [and] doubt should be resolved in favor of the plaintiff's pleadings," *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994); however, any uncertainty here has been removed by plaintiffs' stipulation. *Cf. Ryan*, 343 F. Supp. 2d at 159 ("[A] district court may allow a plaintiff to clarify his or her

---

[1] The conclusion that no good faith basis existed for the $250,000 demand is also supported by (1) the admission of plaintiffs' counsel that the $250,000 demand was based upon an incomplete review of the medical records and that the $50,000 amount was reached after reviewing additional records, and (2) the figure of $50,000 itself, which suggests that the stipulation was made bona fide – if the sole objective of the stipulation was to avoid federal jurisdiction, plaintiffs' counsel could have stipulated to a maximum of $75,000 in damages. *See* 28 U.S.C. § 1332(a) (requiring, *inter alia*, the amount in controversy to "*exceed*[] . . . $75,000" (emphasis added)).

complaint after removal in order to assist the court in evaluating the jurisdictional facts existing at the time of removal, if the complaint was ambiguous or silent as to the precise amount in controversy.").

Furthermore, because defendant removed this action, he bears the burden of establishing subject matter jurisdiction. *See Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997) ("[Defendant] must justify its allegations that [plaintiff's] complaint asserts claims exceeding [the jurisdictional amount] by a preponderance of evidence." (citation, quotation marks and alteration omitted)). Defendant has not satisfied this burden in the face of plaintiffs' stipulation.

Finally, while the M&O expressed concern for potential "collusion and abuse" to manufacture diversity jurisdiction where it does not properly exist, *see* M&O at 8-9, this might be so in cases originally filed in federal court but rarely, if at all, where as here a plaintiff seeks to avoid federal jurisdiction, and runs the risk of sanctions or malpractice. Indeed, in removal cases, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end." *St. Paul Mercury*, 303 U.S. at 290.

## CONCLUSION

Defendant's objections are overruled and the case is remanded to state court; Magistrate Judge Orenstein's stay of removal is lifted. On remand, plaintiffs are cautioned to adhere to their $50,000 stipulation both because they would be judicially estopped from asserting otherwise, and to avoid the imposition of sanctions. *See Ryan*, 343 F. Supp. 2d at

160 ("[F]ailure [on remand] to adhere to the binding stipulation regarding damages will subject [plaintiff and his counsel] to sanctions." (citing cases)).

**SO ORDERED.**

/signed/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 1, 2008